DON MILLER *et al.*, Plaintiffs-Appellees and Cross-Appellants, v. THE BOARD OF EDUCATION, DISTRICT No. 189, Defendant-Appellant and Cross-Appellee.

Fifth District No. 5—85—0744

Opinion filed July 6, 1987.

Edward L. Welch, of Edwardsville, for appellant.

Charles J. Kolker, of Belleville, for appellees.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant, the board of education, District 189, appeals from a summary judgment in the amount of $216,981.60, as amended, entered against it by the circuit court of St. Clair County in a contract action brought by plaintiffs, teachers in the district. Plaintiffs cross-appeal on their motion to strike and request for prejudgment interest. We affirm.

This appeal involves the continuing saga of a dispute between defendant and its teachers for improper pay for the school years fall of 1959 through the spring of 1967. The facts surrounding the payment of the teachers in question and defendant's liability are no longer in dispute. (See *Miller v. Board of Education, District 189* (1983), 119 Ill. App. 3d 88, 456 N.E.2d 143 (hereinafter *Miller* I).) We are required now only to interpret our earlier decision resolving the dispute. A detailed accounting of the facts and the procedural history of this case can be found in *Miller* I. We mention here only those facts necessary to resolve the issues before us on this second appeal.

In 1969, a complaint for salary shortages consisting of 396 separate counts, one for each teacher in the district, was filed. In 1979, the trial court dismissed all claims arising between the fall of 1959 and the spring of 1963 on the basis of *laches* (the "*laches* period"). The teacher-plaintiffs filed a notice of appeal with this court but later withdrew their appeal after receiving an order from this court to show cause why their appeal should not be dismissed for lack of a final and appealable order. Subsequently, during a pretrial conference, the trial judge informed the parties that all remaining plain-

tiffs who intended to proceed with their claims would have to appear for roll call at a specified hearing date. One hundred and seventy-one plaintiffs failed to appear at the "show-up" conference. The trial judge thereupon entered an order dismissing "their complaint." Plaintiffs then filed an amended complaint omitting all teachers who no longer had pending claims against defendant and proceeded to trial. The trial judge found in favor of plaintiffs, which in turn prompted defendant's first appeal and plaintiffs' first cross-appeal. Pertinent to this appeal, we found in *Miller* I that the trial court committed *no error in dismissing those plaintiffs who did not appear* at the "show-up" conference. (*Miller v. Board of Education, District 189* (1983), 119 Ill. App. 3d 88, 95-96, 456 N.E.2d 143, 148-49.) We found, however, that the trial court did err in dismissing claims on the basis of *laches.* We therefore reinstated those claims dismissed in 1979 and remanded the cause for further proceedings. (119 Ill. App. 3d 88, 96-97, 456 N.E.2d 143, 149.) Upon remand, plaintiffs filed a motion for summary judgment. The trial court granted summary judgment to all those teachers who had claims for the *"laches* period" who were parties to the original complaint filed in 1969, including those teachers whose claims were dismissed for failing to appear at the "show-up" conference. Plaintiffs then filed with leave of the court over defendant's objection a second amended complaint to conform to the proofs in evidence.

 Defendant argues on appeal that the 171 teachers dismissed for failing to appear at the "show-up" conference should not have been included as parties in the summary judgment motion for the reinstated *laches* period. Based on our holding in *Miller* I, we cannot agree. As we stated (see 119 Ill. App. 3d 88, 97, 456 N.E.2d 143, 149), the claims which were dismissed in 1979 on the grounds of *laches* were to be reinstated. The claims dismissed in 1979, those covering the years 1959 to 1963, necessarily included those of the 171 plaintiffs who failed to appear at the later "show-up" conference. The claims which were dismissed in 1981 covered the years 1963 to 1967. These were the only claims "alive" at that time, the *"laches* period" claims having been dismissed two years earlier. The *laches* claims could not be dismissed twice. The 171 plaintiffs who failed to appear at the 1981 "show-up" conference simply lost their claims for the 1963 to 1967 years. To hold otherwise would be to treat the two sets of plaintiffs differently when their claims for the *"laches* period" were handled exactly the same. Both sets had their *laches* claims dismissed at the same time and both sets were included in the filing of an appeal to protect their interests. The only

difference is that the *laches* group was not required to appear at the "show-up" conference to prosecute their 1963 to 1967 claims, having none, while the "no-shows," for one reason or another, chose not to appear to pursue their 1963 to 1967 claims involving separate dollar amounts and contracts. Many of these 171 plaintiffs had little reason to appear when the majority of their individual potential recoveries had already been dismissed two years earlier. Consistent with our decision in *Miller* I, they did not try to recover on their claims for the second set of years. Their only intent in filing the motion for summary judgment was to collect the *"laches* period" money validly owed to them and erroneously disposed of earlier by the trial court. We see no reason to overturn the trial court's judgment on remand.

Defendant makes much of the fact that plaintiffs filed an amended complaint deleting those claims dismissed on the basis of *laches*. Defendant argues this first amended complaint, which necessarily superseded the original complaint, eliminated these plaintiffs from the case completely. Defendant ignores plaintiffs' attempt to appeal the trial court's order of dismissal and our subsequent dismissal of the appeal without prejudice, whether rightly or wrongly, pending the completion of the entire case. Plaintiffs did not abandon their claims and, in fact, refiled their appeal at the close of the case. Defendant made no objection as to the appropriateness of the parties at that time and should not be heard to raise it now several years later. The amended complaint served mainly to make the case more manageable by reflecting only those plaintiffs with pending claims and corrected damages requests. Moreover, plaintiffs' second amended complaint filed with leave of the court corrected any technical errors in the pleadings. We therefore see no reason to overturn the trial judge's decision on the basis of plaintiffs' first amended complaint.

■ Defendant next argues certain plaintiffs were allowed impermissibly to amend their claims for the years 1963 to 1967 to include *"laches* period" claims after our ruling in *Miller* I when they had not filed *laches* claims originally. Defendant does not identify these plaintiffs or their number. We assume, as plaintiffs do, that defendant is referring to those teachers who through marriage changed their last names and whose claims for the *"laches* period" were under one name and count number while their claims for 1963 to 1967 were under their new names and count numbers. These plaintiffs obviously were not adding new claims. If defendant is referring to four claims out of the original 396 plaintiffs which, through clerical error, listed incorrect years, the evidence presented on these claims

covered the proper years and was consistent with the final judgment order as amended. The trial court, therefore, did not enter judgment for individuals who were not parties to the lawsuit. We find no abuse of the judge's discretion in allowing plaintiffs to amend their pleadings to conform to the proof. See Ill. Rev. Stat. 1985, ch. 110, par. 2—616(c). See also *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 287-88, 122 N.E.2d 540, 547-48.

Plaintiffs raise two points on cross-appeal. In their first point, plaintiffs ask us to reconsider the issue of prejudgment interest. In *Miller* I, we affirmed the trial court's decision not to award plaintiffs prejudgment interest on the basis that the amount recoverable was neither fixed nor easily computed. (*Miller v. Board of Education, District 189* (1983), 119 Ill. App. 3d 88, 94-95, 456 N.E.2d 143, 148.) That reasoning still applies to the *laches* claims. Numerous plaintiffs with differing amounts of recovery for different school years are again involved, even though, based on *Miller* I, liability has already been determined. Once again, we find no abuse of the trial court's discretion in this regard.

Plaintiffs next argue their motion to strike defendant's opposition to plaintiffs' motion for summary judgment and supporting materials should have been granted. While we agree with plaintiffs that defendant's opposition materials contain several deficiencies and inaccuracies (see Ill. Rev. Stat. 1985, ch. 110, par. 2—1005; 107 Ill. 2d R. 191), based on our disposition of this appeal, we need not consider the matter further.

For the aforementioned reasons, we affirm the circuit court of St. Clair County's granting of summary judgment in favor of plaintiffs.

Affirmed.

HARRISON* and WELCH, JJ., concur.

---

*Justice Harrison replaces Justice Jones, who retired after the cause was taken under advisement.